UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIN BURKS | CIVIL ACTION |
| VERSUS | NO: 06-4173 |
| PRUDENTIAL INSURANCE COMPANY OF NORTH AMERICA, ET AL. | SECTION: "A" (2) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 99)** filed by Defendant CitiMortgage, Inc. ("CitiMortgage"), as successor-by-merger to Principal Mortgage, Inc. ("Principal"), which moves this Court for a judgment dismissing all remaining claims asserted against it by the Plaintiff. The motion, set for hearing on July 22, 2009, is before the Court on the briefs. After reviewing the memoranda of counsel and applicable law, the Court concludes that Defendants' motion should be **GRANTED**.

## I.   BACKGROUND

Plaintiff Erin Burks filed a lawsuit against CitiMortgage and four other defendants in July 2006, alleging property casualties sustained as a result of Hurricane Katrina at property she owned at 1 Trianon Plaza, New Orleans, Louisiana. On June 23, 2003, the Plaintiff purchased the immovable property at issue and entered into a mortgage agreement with Principal Mortgage, Inc.

At the same time, the Plaintiff purchased a Standard Flood Insurance Policy ("SFIP") on the property beginning on June 23, 2003 pursuant to the National Flood Insurance Program ("NFIP"). The Plaintiff procured her SFIP through her insurance agent, Jay Trusheim, and Prudential/Liberty was the "Write Your Own" ("WYO") private insurance carrier for the SFIP. According to the complaint, the Plaintiff arranged for the flood insurance premium to be paid through her mortgage company, Defendant Principal Mortgage.[1] The Mortgage Agreement entered into by the parties provided for the Plaintiff to insure the property against certain losses, which will be discussed in more detail below.

Specific to CitiMortgage/Prudential, Burks alleges that it breached its duty to her as mortgagee to ensure that the plaintiff's mortgaged property was properly insured against the risk of flood damages. The Plaintiff contends that while CitiMortgage has been dismissed from the action, Principal has not been dismissed from this action.[2]

CitiMortgage moves for summary judgment with respect to the Plaintiff's claims and argues that the undisputed facts establish that Principal, like its successor-in-interest CitiMortgage, had no duty to the Plaintiff with respect to the procurement or maintenance of flood insurance. (MSJ p. 7-14). In support, the Defendant points to the January 22, 2008 order by Judge Duval dismissing the flood claims against CitiMortgage. (*Id.* at 7-8). Further, the Defendant points to the language of the

---

[1] Effective January 15, 2005, CitiMortgage assumed the servicing of the Plaintiff's loan as successor-in-interest to Principal.

[2] On January 22, 2008, the Court granted CitiMortgage's motion for summary judgment and held that it owed no duty to the Plaintiff to ensure that the property was insured against flood hazards, dismissing all claims related to flood damages. This Court subsequently dismissed all remaining claims against CitiMortgage on November 3, 2008. (Rec. Doc. 73).

2

Mortgage agreement itself, which did not require flood insurance and made the Plaintiff responsible for any policies issued. (*Id.* at 8-9). Finally, the Defendant argues that any orders dismissing CitiMortgage are also dispositive with regard to Principal, as the latter merged into CitiMortgage to form one entity. (*Id.* at 12-13).

In opposition, the Plaintiff argues that Principal issued a good faith statement indicating flood insurance in May 2003, and undertook a duty to pay for flood insurance on behalf of the Plaintiff under the Real Estate Settlement Practices Act (RESPA). (Mem. In Opp. p. 2-4). Further, she claims that Principal violated its fiduciary duty to her by altering/abandoning the policy and failing to produce insurance documents (*Id*. at 6-8).

In reply, CitiMortgage argues that the mortgage and loan documents, signed by the Plaintiff, indicate no duty on the part of Principal. (Reply Mem. p. 1-2). Further, the Defendant argues that the Plaintiff's reliance on pre-closing documents and RESPA are misplaced, because the pre-closing documents placed no duty on Principal[3] and the Plaintiff's argument finds no support in the provisions of RESPA. (*Id.* at 4-7).

## II. DISCUSSION

### A. Summary Judgment Standard

Summary Judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG*

---

[3] The Defendant argues that the Plaintiff's opposition focuses on acts and omissions by ALS, the Plaintiff's mortgage broker, and even if proven to be true, those acts can not be imputed to Principal.

*Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

### *B. Law and Analysis*

At issue in this motion is whether the Plaintiff has a valid claim remaining against CitiMortgage's predecessor, Principal. CitiMortgage argues that the claims asserted against Principal by the Plaintiff are without merit because there was no duty, and have already been dismissed by this Court on January 22, 2008.

The rights, duties, and obligations between a mortgagor and mortgagee are defined by the mortgage agreement and serves as the law between the parties. *Hayes v. Well Fargo Home Mortgage,* 2006 WL 393743, *3 (E.D. La. Oc.t 31, 2006)(Fallon, J.). Further, when the words of a contract are clear and lead to no absurd consequences, no further interpretation may be made to find the intent of the parties. La. Civ. Code Art. 2046. The mortgage agreement here, which was signed

4

by the Plaintiff, did not require flood insurance because the property was not in a special flood hazard area under the Flood Disaster Protection Act of 1973.[4]

CitiMortgage argues that because the mortgage agreement signed by the Plaintiff did not require flood insurance, CitiMortgage had no duty to procure or pay for it. Rather, CitiMortgage claims that the agreement placed responsibility for procuring flood insurance on the Plaintiff. On January 22, 2008, the Hon. Judge Duval agreed and dismissed all flood related claims against CitiMortgage. The Defendant now argues that the January dismissal is also dispositive to any attempted claims against Principal as predecessor-in-interest. This Court agrees. It is well established that a surviving entity in a merger succeeds to all rights and obligations of the merging entity. La. R.S. § 12:115(B). Here, Principal ceased as a distinct entity on January 15, 2005, and CitiMortgage assumed all assets and liabilities. Therefore, the January 2008 judgment dismissing any claims against CitiMortgage in its capacity as mortgagee necessarily included any potential claims against Principal as well.

Unsurprisingly, many of the arguments advanced by the Plaintiff have previously been rejected by the Court regarding the duty of the mortgagee to procure or pay for flood insurance. The majority of the opposition asserts that the Plaintiff relied upon (and Principal's duties arose from) pre-closing documents such as the truth-in-lending statement and a good faith estimate. However, the Plaintiff's arguments must fail for several reasons. First, the Plaintiff may not circumvent the plain terms of the loan documents she knowingly signed at the closing by asserting ignorance of those

---

[4] *See* Defendant Exhibit "A-5" (FEMA Standard Flood Hazard Determination), "A-1" (Mortgage Agreement)("Borrower shall pay to Lender . . . amounts due for . . . premiums for any and all insurance required by Lender. . . .").

5

terms while relying on pre-closing documents. Second, the Plaintiff's claims under RESPA have no merit against Principal because the documents were provided by her mortgage broker, not Principal. Finally, even assuming for the purpose of argument that the Plaintiff's claims are viable, there is no private cause of action under RESPA's disclosure provisions governing good faith estimates. *See Bloom v. Martin*, 865 F.Supp. 26, 32 (N. D. Cal. 1994).

Moreover, the Court is convinced that the assertions made by the Plaintiff are largely an attempt to get a second bite of the apple at this late stage in the litigation. The Court notes that both parties recently made affirmative representations to the Court suggesting that the flood claims against Principal had been dismissed along with CitiMortgage. *See* Defendant Exhibit "F," Joint Pre-Trial Order ("the Court dismissed Citi and Principal through summary judgment. . ."). Therefore, for the reasons above, the Court sees no reason why any remaining claims against Principal/CitiMortgage should not be dismissed with prejudice.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 99)** filed by Defendant CitiMortgage, Inc. ("CitiMortgage") should be and is **GRANTED.**

**IT IS FURTHER ORDERED** that all claims against CitiMortgage are dismissed with prejudice. The Clerk of Court shall mark this action as closed.

July 28, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE